Khadka v. Garland Good morning to us. Good morning Councilor. May I proceed or should I wait? Yes, you may proceed. Thank you so much, Your Honor. Your Honor, Respondent, I'm sorry. Here, Petitioner is requesting to remand this case to the Immigration Judge because the Immigration Judge made adverse credibility finding of this case in inappropriate manner. Basically three issues is there in this case, Your Honor. The first was, the issue was whether Petitioner prepared his declaration for asylum by himself. That he clearly answered to the court that he prepared himself. And he submitted his own written version Nepali declaration that was translated into English. He stated that he prepared his declaration largely by himself and he took minimal help from his friend. And he answered his question but the Immigration Judge did not consider that in terms of the totality of the circumstances and the current mental status of the Petitioner at that time because Petitioner was a member of a democratic party in Nepal and he was beaten up by the communist party in Nepal. And in one of the attack, he received injury in his head, Your Honor. And that has impact on his memory and the Petitioner even consulted with a psychologist here and the psychologist expert, Dr. Carrillo provided his statement there certifying that Petitioner has a short memory and he has a problem, a neuropsychological problem stemming from his injury, Your Honor. So Immigration Judge... Mr. Nepal, may I interrupt you for a moment with a question? As I understood Mr. Khadka's testimony, he prepared his declaration after the events in question, either after he arrived in the United States. And I understood your argument to be that he suffered a brain injury during the attacks. So why was his memory affected for his testimony but not for the declaration? Your Honor, because while writing his declaration, he has sufficient time to write and think about the past harm he suffered. But in the court, he has to answer spontaneously at the same time. And the doctor stated that he has a problem of memory under stress, Your Honor. But maybe he was under stress or he was kind of... He testified that... Petitioner testified he was scared while talking about the Maoist in the court, Your Honor. So... My question is somewhat similar. I see that there were many explanations made for the differences between his testimony and the declaration. And so I think that the IJ could have reasonably concluded that he was credible, but I'm not seeing why we're compelled to say that the IJ's conclusion to the contrary was... We're compelled to find otherwise, because there was also evidence in the record that undercut his testimony as the IJ identified. So help me understand why the IJ's conclusion wasn't based on substantial evidence, even if the IJ could have come out a different way. Your Honor, at this point, I'd like to draw attention of the court to the recent Ninth Circuit case, which is Kumar versus Garland. The case number, it's decided on December 21st, 2021, Your Honor, the most recent case. And the court stated that there is a single factor rule that at least out of the several inconsistencies, if even one inconsistency is not supported by the substantial evidence, then this court should remain the case for further consideration, Your Honor. And here, Your Honor, respondent, there was other issue I was talking earlier. Counsel, what is the name of the case you're referring to? This is a Kumar versus Garland, Your Honor. Kumar. And it came out just December? Yes. The number is 73412. And Your Honor, I'm sorry. Sorry to interrupt. No, I'm sorry. Thank you. Just wanted to write that down. Okay. And Your Honor, the Ninth Circuit says that the IJ must base the credibility determination on the totality of the circumstances and all relevant factors. The case that you're citing, Kumar, if I'm remembering it correctly, held that overruled the single factor rule that says if there's even one inconsistency, that's enough to support that the IJ's answer is credibility determination. But that still doesn't answer my question, which is why in this case was the IJ's determination not supported by substantial evidence? Your Honor, because the first thing is in terms of who write the declaration, he clearly said that he wrote the declaration and the IJ didn't consider that because he submitted his written version of Nepali language that was later translated into English. He clearly testified that he wrote his declaration. And the second factor is, Your Honor, about his one date, one of the attack that he testified, Your Honor, at the beginning, he gave a wrong date, but at the end, he gave right date, Your Honor, of his attack. There were the two attacks he received by the Maoists, and he gave both date correctly, Your Honor. But one of the date he testified in English calendar, while he gave other date in Nepali calendar. And when the question was asked how he remembered that date in his calendar, he said he got that from his medical notes. And Your Honor, that is not unreasonable. So that's why it doesn't mean that he tried to fabricate, but he was being more honest, Your Honor, and he testified clearly about this factor. And the third factor, Your Honor, that the IJ based or adverse credibility was while the declaration was detailed, but he failed to testify in court in a detailed manner. That was the other issue, Your Honor. But there, I would like to draw attention of the court to consider his mental state at that time because he was suffering with PTSD, Your Honor, depression, stress, anxiety, and he has an injury in his head, Your Honor. That was the reason his mental state was not sound, and he was under stress, Your Honor. The immigration judge didn't consider that factor. And this is not supported by substantial evidence, namely the PTSD report of Dr. Carillo, Your Honor. Didn't the IJ discuss Dr. Carillo's testimony? She did, Your Honor. So he didn't ignore that testimony. He just didn't agree with your arguments about it. Your Honor, she did. But the thing is, the IJ involved in cherry picking the fact it was the adverse credibility, and that is against the case law established by the 9th Circuit in Shrestha v. Wolder. She didn't consider the entirety of the case. And one of the factors was his mental state. That was not considered during the adverse credibility finding, Your Honor. Do you want to reserve the remainder of your time, Mr. Raham? Yes, Your Honor. I'm done, Your Honor. So basically, my last thing is, Your Honor, I would request the court to remand for further consideration. Thank you so much, Judge. Thank you. Ms. Groff? Thank you, Your Honor. Good morning, and may it please the court. My name is Stephanie Groff, and I represent the Attorney General. Your Honors, the court should uphold the agency's denial of the petitioner's application for relief, as substantial evidence does support the adverse credibility finding for the following reasons. First, the petitioner provided contradictory statements regarding his submitted declaration. And the immigration judge here went above and beyond to give him multiple opportunities to clarify this testimony, and was ultimately left not really understanding what happened to petitioner and who had drafted the detailed declaration. Second, petitioner's testimony was rifled with inconsistencies, especially when juxtaposed with this very detailed declaration. And finally, the record supports the agency's determination that the petitioner failed to meet his burden of proof for cat protection. Turning first to the adverse credibility finding. Substantial evidence supports this agency's determination as the immigration judge, and upholded by the board, took into consideration petitioner's testimony, not only about his declaration, but also the evidence as a whole. Specifically, as it turns to the declaration, petitioner first testified that he drafted it himself for a story that he wanted to tell. When asked who asked him to draft this declaration, he stated that he drafted it on his own, but received help from a friend. He was pressed further to clarify this, and he stated that he asked for this friend's help because he didn't know what to write. Later, he stated that their languages were similar, but he had confirmed that he could read and write in Nepali. And finally, he stated that he sought a friend's help to write down the declaration in order to memorize it and store it in his mind. Finally, when he was presented with these contradictory statements about whether he received a friend's help or not, he simply denied the fact that he had received any help from a friend and had drafted the declaration on his own. Taking this all into consideration, it was actually the immigration judge who determined after his direct and beginning of cross-examination that something was seemingly off, and sought to continue the case in order for petitioner's counsel to seek a psychological evaluation. The immigration judge during that testimony noted that something was wrong, and she could tell that based on these inconsistencies, that maybe something was going on with the petitioner. After a three-year continuance, the court heard the case again, and petitioner was able to submit further testimony and other evidence to explain these inconsistencies. And that simply did not occur. First, the petitioner had the opportunity... Michelle, which inconsistencies are you referring to right now? Well, Your Honor, I'm specifically referring to the fact that the very detailed declaration was inconsistent with his testimony. And specifically... Specifically, yes. Yes, sorry, Your Honor. One of the main examples that the immigration judge did point to was his statements regarding his involvement with the Congress party in Nepal and his interactions with the Maoists. The agency in this case... Let's talk about the involvement with the Nepali Congress party. He left out two things, right? That he voted for the NCP from his oral testimony that were in his declaration, that he voted for the NCP, and he volunteered for the NCP in an election campaign. If he had testified to those things instead of leaving them out, wouldn't that only have strengthened his case? In other words, he left out details that would strengthen his case. He wasn't testifying, omitting things that would weaken his case. Well, Your Honor, I would have to respectfully disagree. It is not the fact that he forgot, say, minor statements that he made in his declaration. The immigration judge looked to the whole. In addition to just these statements regarding his involvement with the Congress party, he specifically testified differently about his involvement, say, with the Maoists. In fact, in his detailed declaration, he went into extensive explanation of the history of the Maoist movement in Nepal. He explained how for years he was protesting against them. He was confronted by them years before his original incident. And when he was attacked in the jungle in the first instance, the Maoists knew who he was, had sought him out, and had questioned him as to why he was talking against them. When looking at the testimony, though, the immigration judge noted that that was not there. In fact, first, Petitioner testified that the Maoists had no idea who he was. They just asked him to join the party. And later, when he was confronted with this, he did state that, oh, they did know and they asked why I was talking against him. He was asked to provide an explanation for this, and his answers were non-responsive and, in fact, evasive. And the immigration judge took this into consideration. In fact, the immigration judge, when rendering her decision, ultimately noted that she could not reconcile the very detailed declaration that went into this extensive detail that Petitioner was adamant about the fact that he received no help and reconcile it with his testimony, which was inconsistent, non-responsive, and there were indications that he was attempting to memorize a story. Additionally, the immigration judge did take into consideration Dr. Carrillo's evaluation and submitted evidence. In fact, during Dr. Carrillo's testimony, he was asked whether he thought it was reasonable that he could have prepared such a very detailed declaration on his own. And he stated that it was very unlikely he could not do that without any help. The immigration judge and the board both looked to this in rendering the ultimate determination that Petitioner was failing to present a credible claim for release. Additionally, there were various instances in which Petitioner made statements that he was attempting to memorize a story versus one that actually happened to him. Again, this went to the fact that the immigration judge really was not sure what exactly occurred to the Petitioner and who had drafted this declaration. For instance, when he was asked about his very detailed declaration, he stated that he was attempting to memorize it, to store it in his mind. And additionally, the immigration judge and the board both looked to Petitioner's various confusing testimony as it relates to certain dates. While it is confusing to address different dates in Nepali versus the Western calendar year, when he was confronted with some of these inconsistencies about the dates, he was non-responsive and in fact, denied that he had been confused with the dates. He had stated... He ultimately testified correctly as to the dates, didn't he? The two dates of the attacks. He ultimately was able to clarify that the first instance occurred on the translated date September 29, 2009. However, when he was asked why he wasn't able to give this date in the Nepali language previously, he denied that stating that he did. And the immigration judge and the board noted that his evasive responses indicated a lack of candor with the court. And it seemingly... It seemed that instead he was just memorizing a few dates that was found in this very detailed declaration and it could just not be reconciled with his testimony, which was very confusing. And additionally, petitioner argues before this court that these omissions are minor, that the immigration judge was cherry picking the record. And that is just not the case here. In fact, it was the board who noted that these are not minor instances and omissions. In fact, he was unable to recount various details surrounding his claimed harm and his claimed political opinion, which are the basis of asylum and withholding claim. And therefore, these were not minor omissions. And in the totality, the petitioner was not presenting a credible claim for relief. The immigration judge and the board looked at all of this in total and found that he failed to present a credible claim. And substantial evidence supports this determination. And finally, turning to the petitioner's application for cap protection, this court should uphold the agency's determination that petitioner failed to meet his burden of proof. While I previously mentioned substantial evidence supports the adverse credibility finding, and therefore petitioner's arguments in his brief that he experienced past torture are not found here. However, a petitioner may still be eligible for cap protection if one can look at the objective evidence in the record. And here, the immigration judge did just that. She noted that the petitioner does not have a particularized risk of harm looking at the objective evidence, or that individuals expressing any form of neutrality in Nepal would be sought out for harm. While there is some evidence of political strife in Nepal, that does not meet the very high burden that it's more likely than not that petitioner would be sought out for this harm, and that it would be by or with the acquiescence of a public official or other person acting in official capacity. In conclusion, Your Honor, we would ask this court to uphold the agency's determination that petitioner failed to establish a credible claim. The immigration judge was left unclear of who drafted this very detailed declaration, and was not sure what actually happened to the petitioner in this case. And substantial evidence supports this. Moreover, substantial evidence supports the fact the petitioner failed to meet his burden of proof. Thank you. Thank you, counsel. Mr. Nepal, did you have any rebuttal? I think you're on mute. Mr. Nepal, you're muted. Okay, I'm sorry, Your Honor. May I proceed, Your Honor? Yes, you may. Your Honor, regarding his testimony about his involvement with the Congress Party, about the election. Your Honor, I just want to testify that he supported the Congress Party,  that he supported the election. This is a minor omission, Your Honor. Considering the case law of Bhandari versus INS. This is a Ninth Circuit case. I also cited it in my brief, Your Honor. This is a minor omission, while considering the totality of the circumstances. And regarding his claim for relief, Your Honor, he clearly met his burden for asylum because he was attacked twice, brutally. He was attacked with a knife. He had a head injury, Your Honor. And he ended up with the hospital. This is a pretty brutal attack, Your Honor. And he met his burden because the nexus was established. And because the reason of harm was the political involvement of the Congress Party, Your Honor. So I believe this court, again, I would draw attention of the court for the Kumar versus Garland and request a remand. Thank you, Your Honor. All right. Thank you very much, Counsel. Kodko v. Garland will be submitted.
judges: WARDLAW, IKUTA, BADE